FILED

2009 Sep-21 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NATIONAL HEALTHCARE** | ) | |
| **OF HARTSELLE, INC. d/b/a** | ) | |
| **HARTSELLE MEDICAL CENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. CV 2:09-cv-0140-SLB** |
| **v.** | ) | |
| | ) | |
| **CHARLES B. LOVELADY, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FINDINGS AND CONCLUSIONS

This case is currently before the court on plaintiff's Verified Motion for Entry of Default and for Default Judgment, (doc. 5).[1]  As directed by the court, the Clerk of Court has entered a default against defendant,  Charles B. Lovelady, M.D., (doc. 6).  The court makes the following findings of fact based upon the record and the affidavits submitted by counsel for the plaintiff:

1.       On January 23, 2009, the plaintiff filed its Complaint against Charles B. Lovelady, M.D. with this court.  (Doc. 1).

2.       The record reveals that the Summons was duly served upon the defendant on April 13, 2009 by personal service.  (Docs. 3 and 4).

3.       The defendant failed to plead or otherwise defend, and the time to answer

---

[1] "Doc. ___ " refers to the document number that the Clerk of the Court assigns to a filing when it is made.

has expired.  (Doc. 6).

4.      The defendant is not subject to any defense by reason of age, disability or

service in the United States military.  (Doc. 5 at 4).

5.      The Complaint seeks the enforcement of a Recruitment Agreement and a

Medical Office Space Lease against defendant.  (Doc. 1).  Plaintiff's claim is for a sum

certain or a sum that can be made certain by computation.  (*See* docs. 1 and 5).

Specifically, the complaint seeks One Hundred Seventeen Thousand Two Hundred

Seventeen and 10/100 dollars ($117,217.10) as reimbursement of guarantee payments

pursuant to the Recruitment Agreement.  (Doc. 1 at 22; doc. 5, Exh. A at 4).  The

Complaint also seeks Eight Hundred Eighty-Nine and 93/100 dollars ($889.93) as a

refund of marketing expenses pursuant to the Recruitment Agreement.  (Doc. 1 at 11;

doc. 5, Exh. A at 4).  The total of these amounts is One Hundred Eighteen Thousand One

Hundred Seven and 3/100 dollars ($118,107.03).

6.      Additionally, the Complaint seeks pre-judgment interest on the above

amount.  (Doc. 1 at 41).  Under Alabama law, prejudgment interest accrues from the

breach of contract until the judgment is entered.  ALA. CODE § 8-8-8 (1975); *Miller & Co.

v. McCown*, 531 So.2d 888, 889 (Ala. 1988).  Thus, pre-judgment interest has accrued

beginning from the time the Recruitment Agreement was breached.  Based on the

complaint, Sept. 1, 2008 is  is treated as the date the Recruitment Agreement was

breached.[2]  (*See* docs. 1 and 5).

7.      Under Alabama law, pre-judgment interest for a sum certain award accrues at the annual rate of 6%.  ALA. CODE § 8-8-1.  Therefore, prejudgment interest has accrued at the rate of $19.41 per diem on the sum of One Hundred Eighteen Thousand One Hundred Seven and 3/100 dollars ($118,107.03).  (Doc. 5, Exh. A at 4).  Accordingly, the plaintiff is entitled to pre-judgment interest of Seven Thousand Four Hundred Fifty-Three and 44/100 dollars ($7,453.44) having accrued from September 1, 2008, the date of the breach, through September 21, 2009, the date of the judgment.[3]

8.      Further, the plaintiff seeks accrued storage costs resulting from the defaulted lease agreement.  (Doc. 1 at 30-31).  Upon the defendant's departure, the Hospital was forced to store the defendant's furniture and equipment beginning on September 1, 2008.  (Doc. 1 at 27-28).  The Hospital stored the furniture and equipment in order to re-lease the space originally leased to the defendant.  (Doc.1 at 29).  The accrued storage costs amount to Four Hundred Forty dollars ($440).  (Doc. 5, Exh. A at 4).

---

[2] The plaintiff fails to state the exact date of breach in its complaint; however, after the defendant defaulted on the lease agreement, the plaintiff was forced to store furniture and equipment left by the defendant beginning on September 1, 2008.  (Doc. 1 at 28 ).  September 1, 2008 is treated as the date of breach because the Recruitment Agreement required that the defendant maintain a full-time private practice of medicine in the community.  (*See* doc. 1 at 13).

[3] In its calculations, the plaintiff calculated pre-judgment interest that is not consistent with these dates; however, the plaintiff's calculations *are* consistent with a August 1, 2008 breach.  Given the language of the Recruitment Agreement, the court views this as a clerical error and adjusts accordingly.

9.      Additionally, the plaintiff seeks attorneys' fees and litigation expenses pursuant to the Recruitment Agreement.  (Doc. 1 at 24).  Attorneys' fees are claimed in the amount of Seven Thousand Four Hundred Eighty-Nine and 95/100 dollars ($7,489.95).  (Doc. 5, Exh. A at 4; doc. 5 at Exh. B).  The litigation expenses amount to Nine Hundred Ninety-Two and 21/100 dollars ($992.21).  *Id*.

Upon consideration of the record, and the Verified Motion for Entry of Default and for Default Judgment, along with supporting Affidavits, the court finds that plaintiff's Motion for Default Judgment is due to be granted in the total amount of One Hundred Twenty-Six Thousand and 47/100 dollars ($126,000.47).  Attorneys' fees and litigation expenses are due to be granted in the amount of Eight Thousand Four Hundred Eighty-Two and 16/100 dollars ($8,482.16).  A separate judgment in conformity with these Findings and Conclusions will be entered contemporaneously herewith.

**DONE** this 21st day of September, 2009.

_Sharon Lovelace Blackburn_

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE